UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA A. WILSON,

    Plaintiff,                               CIVIL ACTION NO. 09-10112

v.                                        DISTRICT JUDGE THOMAS J. LUDINGTON
                                            MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as substantial evidence exists on the record that claimant retained the residual functional capacity for medium work, including her past work as a hospital custodian.

\* \* \*

    Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on May 23, 2005, alleging that she had become disabled and unable to work on April 18, 2005, at age 39, due to an affective disorder, depression and anxiety. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on December 18, 2007, before Administrative Law Judge (ALJ) Henry Perez, Jr. The ALJ found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of medium work activity, including her past relevant work as a hospital custodian. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and

the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 41 years old at the time of the administrative hearing (TR 235). She had been graduated from high school, and had been employed as a hospital custodian, clerk-typist, secretary and receptionist (TR 237, 248-249). As a hospital custodian responsible for general cleaning, the claimant was required to stand for most of the day and to lift about 10 pounds on a regular basis (TR 85). Plaintiff stopped working in April 2005, due to mental depression, poor concentration and lack of energy (TR 237-238). She testified that emotional difficulties, particularly her inability to handle stress, prevented her from returning to work (TR 240). Plaintiff remained capable of caring for her personal needs and performing household chores (TR 239,243). At the time of the hearing, she was pursuing a college degree in the hopes to getting a better paid job when she graduated in 2008 (TR 242). In the meantime, the claimant said that she was actively seeking employment (TR 242).

A Vocational Expert, Michael Rosko, classified Plaintiff's custodial work as medium, unskilled activity (TR 248). The witness testified that there were no jobs for claimant to perform if her testimony was fully accepted[1] (TR 250-251). If she were capable of medium work, however, she could return to her past custodial work at the hospital because it was not stressful, involved routine production demands and required only occasional contact with co-workers and supervisors (TR 249-250).

---

[1]The witness opined that claimant's alleged inability to concentrate, complete tasks and remember details due to her emotional difficulties would preclude all work activity (TR 251).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of an affective disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's emotional difficulties limited her to simple, routine work assignments that did not involve a lot of stress or impose high production quotas. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform medium work activity, including her past work as a hospital custodian.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)

(en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that emotional difficulties, particularly her inability to handle workplace stress, have prevented her from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2009).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing medium work, including her past work as a hospital custodian. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a disabling mental disorder. Although the Law Judge found the presence of a mental impairment identified in the A criteria (affective disorder), the evidence failed to establish significant functional limitations identified in the four categories of the "B" criteria of the Listing of Impairments.

The evidence of record shows that Plaintiff remains capable of performing a variety of daily activities, and that she is able to communicate effectively with others.[2] The record

---

[2] The first area of the B criteria, known as "activities of daily living", includes cleaning, shopping, cooking, maintaining a residence, using the telephone and caring for one's grooming and hygiene. The second area, social functioning, refers to an individual's capacity to interact appropriately and communicate effectively with others, including family,

revealed that Plaintiff was able to live alone. She could care for her personal needs and perform most household chores. Plaintiff was enrolled in school and majoring in liberal arts. She said that she was actively looking for another job, and looking forward to getting a higher paying job when she graduated (TR 242). This suggests a substantial ability to interact well with teachers and other students while remaining goal orientated. Given this evidence, the Law Judge reasonably determined that claimant's daily activities and social functioning were, at most, moderately restricted.

While Plaintiff alleged that her depression interfered with her memory and ability to concentrate[3], she also indicated that he was able to perform household chores, perform college level class work, and actively look for employment (TR 239, 242). These abilities stand in sharp contrast to her allegation that she suffered from a complete inability to concentrate. Dr. Gummadi, a treating psychiatrist, reported in August 2005, that Plaintiff was well oriented, logical and goal directed. Sensorium and cognition were said to be intact, and her judgment was not impaired (TR 177). The claimant's ability to perform household chores and work towards a college degree indicates that she retained at least a minimal level of concentration as would be required in performing the unskilled jobs identified by the Vocational Expert.

The last area of function under the "B" criteria is deterioration or decompensation in work or work-like settings, which refers to the "repeated failure to adapt to stressful

---

friends and merchants.

[3]The third area of function evaluated under the "B" criteria is concentration, persistence, and pace, which refers to the "ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

circumstances which cause the individual either to withdraw from that situation or to experience exacerbation of signs or symptoms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4). An examining physician of record, Dr. Elena Akkerman, submitted progress notes covering the period between 2004 and 2006, indicating that the claimant was working and attending school (TR 196, 208). A state agency reviewer, James Tripp, assessed Plaintiff's work-related mental abilities in August 2005, and determined she could maintain socially appropriate behavior, and respond to changes in the work setting. The psychologist added that Plaintiff could make simple, work-related decisions, and independently perform routine, repetitive tasks. Claimant reportedly had the capacity to understand, remember and carry out short, simple instructions (TR 124-125). No physician imposed a specific work-preclusive limitation on claimant's functioning.

When claimant's depression and anxiety were controlled, she was able to attend school (beginning in 2003), achieving and maintaining a high grade point average (TR 235, 242). The medical evidence failed to show that the she has suffered any recent episodes of decompensation. Plaintiff's ability to speak in a logical, coherent manner while remaining well organized suggests that she does not suffer disabling anxiety or depression. Furthermore, the types of unskilled jobs identified by the Vocational Expert (custodial, data entry, secretarial) would not cause a great deal of stress. These entry level jobs did not involve any interaction with the public, and only superficial contact with co-workers and supervisors (TR 249-250). The Law Judge properly found that the degree of limitation for each of the four B criteria was only moderate and not severe. As a result, Plaintiff did not meet the criteria of the Listing of Impairments.

Plaintiff relies heavily upon the fact that Dr. Gummadi reported that she experienced episodic paranoia and auditory hallucinations that impacted on her ability to work (TR 176-177). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Gummadi offered little objective evidence to support his conclusion of disability, his opinion need not have been given any special weight[4]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony

---

[4] While Dr. Gummadi reported that Plaintiff had been hospitalized in 1996 and 1998 for auditory hallucinations and suicidal ideation (TR 176), these two episodes occurred several years prior to her alleged onset date of 2005. Plaintiff admitted that she has not had any hallucinations since 2003 (TR 173-174). The ALJ noted that Dr. Gummadi scored claimant's Global Assessment of Functioning (GAF) at 50, which would not preclude her from having the mental capacity to hold at least some jobs in the national economy (TR 28).

fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of medium work. Since Plaintiff's past light work as a hospital custodian was consistent with that level of exertion, substantial evidence existed on the record that she was not disabled within the meaning of the Social Security Act.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: July 30, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 30, 2009: **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217

**10**

**10**