UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIANA A. WILSON,

        Plaintiff,

v.                                                         Case Number: 09-10112-BC
                                                             Honorable Thomas L. Ludington
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Diana A. Wilson filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 23, 2005, alleging a disability onset date of April 18, 2005. 42 U.S.C. §§ 416(i), 423, 1381a & 1382a. The applications for benefits were denied on September 9, 2005. Plaintiff filed a request for a de novo hearing, which was held on December 18, 2007 before Administrative Law Judge ("ALJ") Henry Perez, Jr. in Oak Part, Michigan. A.R. at 232. On June 11, 2008, the ALJ issued a decision denying Plaintiff's application for benefits. Plaintiff requested a hearing before the Social Security Administration's Appeals Council, which issued an unfavorable decision on September 18, 2008. On January 19, 2009, Plaintiff filed the instant action against Defendant Commissioner of Social Security. The parties filed cross-motions for summary judgment [Dkt. # 12 &15], which were referred to Magistrate Judge Donald Scheer. Magistrate Judge Scheer issued a report and recommendation on July 30, 2009, recommending granting the commissioner's motion and upholding the ALJ's decision to deny the benefit application [Dkt. # 19]. Plaintiff filed timely objections [Dkt. # 20], and Defendant filed a response

[Dkt. # 21]. For the reasons stated below, the report and recommendation will be adopted and the objections will be overruled.

I

Plaintiff was born on August 22, 1966, and was 38-years-old on alleged onset date in 2005. She has not had insurance or been gainfully employed since April 18, 2005. She has an extensive history of depression and related mental disorders, with symptoms that include suicidal ideation, psychosis, and auditory hallucinations. Before the onset date, she lived alone or with a man who was her husband at the time. She testified at the administrative hearing that she was able to care for herself, maintain her apartment, and perform limited work-related activities, although her work performance was inconsistent because of bouts of depression. At the time of the hearing in 2008, Plaintiff was living alone, looking for work, in her third or fourth year of college, and close to obtaining an associates degree. Plaintiff testified that her alleged disability left her unable to concentrate for extended periods of time, complete tasks, maintain a consistent pace, communicate with people, and remember details associated with her duties. Plaintiff also testified that pain in her stomach left her unable to lift more than two pounds.

Plaintiff's work history between 1992 and the onset date in 2005 included a mix of skilled and unskilled positions. She has held a number of semi-skilled clerical jobs as well as unskilled custodial jobs. At times, she has maintained consistent employment for up to one year at a time. Immediately before the alleged onset date she was employed as a custodian at a hospital. Impartial vocational expert Michael Rosko classified the custodial work as medium unskilled activity and opined that, if Plaintiff's testimony was fully credible, she was no longer able to do such work. A.R. 232–52. He further testified that if the limits on lifting were removed, she would be able to return

to a medium unskilled job, such as the custodial job she held immediately before the onset date. The custodial job apparently consisted of substantial mopping and required the ability to lift up to ten pounds.

The ALJ conducted the five-step analysis mandated by the Social Security Administration Regulations, 20 C.F.R. § 404.1520(a)(4)(i)–(v), and concluded that Plaintiff is severely impaired as a result of the affective disorder. A.R. 24–29. He further concluded, however, that despite the impairment, she retained the residual functional capacity to perform medium labor that is not unreasonably stressful or detailed, including the custodial job she performed prior to the alleged onset date. *Id.* As a result, the ALJ concluded Plaintiff was not "disabled" within the meaning of the Social Security Act. 42 U.S.C. §§ 416(i) & 423.

Magistrate Judge Scheer recommended that the ALJ's conclusions be affirmed because they were supported by substantial evidence and within the range of discretion afforded under the law. [Dkt. # 19]. Plaintiff filed objections [Dkt. # 20], contending that the Magistrate Judge made several factual errors in his analysis and that he incorrectly concluded that the ALJ's decision was supported by substantial evidence. The Commissioner filed a response [Dkt. #21], noting that Plaintiff's objections generally restate her previous arguments, rather than outlining specific objections, and contending that the Magistrate Judge's report and recommendations should be adopted.

**II**

The Commissioner of Social Security determines whether a claimant is disabled in accordance with a five-step process. 20 C.F.R. § 404.1520(a)(4)(i)–(v). A claim is allowed when a claimant demonstrates that (1) she is not engaged in substantial gainful employment; (2) she suffers from a severe impairment; and (3) the impairment meets or is equal to a "listed impairment."

If the claimant does not satisfy the third step, the claim is still allowed if the fourth and fifth steps are satisfied. In step four, the claimant must show that she does not retain the residual functional capacity to perform her relevant past work. 20 C.F.R. § 416.920(a)(4)(i)-(iv). At the fifth and final step, the Commissioner determines whether the claimant is able to perform any other gainful employment in light of the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v).

The Court reviews the Commissioner's decision to determine whether the "factual findings . . . are supported by substantial evidence." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Defendant emphasizes that Plaintiff's objections are general, and largely repeat arguments that have already been carefully considered by the ALJ and the Magistrate Judge. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider specific contentions of the parties and to correct any errors immediately."). Although Plaintiff's objections could have been made more specific and clear, they challenge several factual and legal conclusions that merit the Court's de novo consideration.

**III**

Plaintiff first asserts that the ALJ's conclusion concerning her residual functional capacity ("RFC") to perform medium duty unskilled labor was not supported by substantial evidence. Pl.'s Obj. 1–3. Plaintiff testified at the administrative hearing that she could not perform a "very simple job" for forty hours per week, even if lifting were limited and she was able to sit or stand intermittently, because depressive "spells" would leave her in tears and unable to go back to work. A.R. 239–40. Her testimony is some evidence that she did not have the RFC to go back to work, despite her impairment. However, there is substantial additional evidence supporting the ALJ's conclusion: she was able to care for herself, maintain her apartment, attend school, look for work, and interact with her classmates and teachers. R&R at 4–5. Plaintiff disputes the extent to which Plaintiff was able to conduct those activities and the extent which the activities demonstrate the RFC to go back to work.

It is not the role of this Court to independently weigh the evidence. The issue is whether the ALJ's determination was supported by substantial evidence. 28 U.S.C. § 405(g). The ALJ understood that the assessment of RFC involved a determination of the most work Plaintiff could perform on a consistent basis despite her limitations. Soc. Sec. Rul. 96-8p. He made the determination, based on the totality of the record, that she could perform simple medium duty work, as long as it was not overly detailed and did not require frequent interaction with other people. The evidence cited by the ALJ includes Plaintiff's ability to attend college; her ability to care for herself and her apartment; her testimony that the depression is not a constant affliction; treatment records from Dr. Rubenfaer; an evaluation from Dr. Gummadi; evidence of an emergency room visit in February 2006 for depression; and his conclusion that the other evidence in the record made

Plaintiff's testimony concerning the frequency and severity of her symptoms lack credibility. The ALJ's determination is supported by substantial evidence.

Plaintiff next objects that the Magistrate Judge, like the ALJ, did not make and "individualized assessment of Plaintiff's ability to handle stress." Pl.'s Obj. at 4. Plaintiff cites Social Security Ruling 85-15 for the proposition that "reaction to the demands of work (stress) is highly individualized," and consequently, the ALJ erred by not asking Plaintiff about specific tasks or situations that she would find stressful. However, Ruling 85-15 is targeted at the determination of whether a DIB applicant has the required RFC to perform new work, when the applicant is no longer able to perform past relevant work. In this case, the ALJ specifically found that Plaintiff can perform past relevant work as a hospital custodian, A.R. 49, and that Plaintiff could cope with the stress inducers associated with that work, including some interaction with supervisors and other employees and the production level required of a hospital custodian. Accordingly, the ALJ adequately accounted for specific tasks and situations that Plaintiff finds stressful and determined, in light of those tasks and situations, she could still work as a hospital custodian on a consistent basis.

Plaintiff next objects that the Magistrate Judge improperly discounted the opinion of Dr. Gummadi and did not respond to Plaintiff's contention that the ALJ should have obtained a medical source statement from Gummadi. Pl.'s Obj. 5–7. The Magistrate Judge concluded that Gummadi's opinion was entitled to less weight because he was not the treating physician and his opinions were not based on "objective evidence." *See Miller v. Sec. of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). The Magistrate Judge's conclusion is supported by the record. Gummadi was not Plaintiff's treating physician; he evaluated

Plaintiff for the purposes of determining whether she was entitled to social security benefits. Moreover, he wrote that Plaintiff "had trouble remembering things," even though she successfully completed each memory assessment he presented. A.R. 176–78. Gummadi also reported that Plaintiff heard voices and had paranoid delusions, concluding she had a "Schizoaffective disorder, depressed type." Those reports and conclusions were based on Gummadi's assessment of Plaintiff's credibility; the ALJ is entitled, indeed required, to make his own credibility determination. The Magistrate Judge and the ALJ properly accorded some weight to Gummadi's report, but there was no reason for it to be given conclusive weight. *See Landsaw v. Sec. of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986) (requiring review of the "record as a whole").

Nor was the ALJ required to order a "Medical Source Statement." Pl.'s Obj. at 5. By "Medical Source Statement," Plaintiff apparently means a statement from Gummadi "about what [Plaintiff] can still do despite [her] impairments." 20 C.F.R. § 404.1519n(c)(6). Gummadi conducted a "consultive examination" of Plaintiff, pursuant to the Social Security Administration Regulations. As such, he provided a report to the ALJ detailing his examination. A.R. 176–79. The Social Security Administration will "ordinarily request, as part of the consultive examination process, a medical source statement about what [the applicant] can still do despite [his or her] impairment(s), [however] the absence of such a statement in a consultive examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6). Accordingly, the ALJ was not required to request a medical source statement.

Plaintiff next objects to the ALJ's consideration of the State Agency reviewer's opinion, and the ALJ's statement that the reviewer's opinion was consistent with his own determination of Plainitff's RFC. A.R. 124–42. The ALJ was entitled to consider the reviewer's opinion as part of

the "whole record" in the case. *Landsaw*, 803 F.2d at 213.[1] There is no indication from the record that the ALJ gave the reviewer's opinion undue weight. Moreover, the reviewer's conclusions concerning Plaintiff's limitations and ability to return to work were consistent with the ALJ's RFC determination. A.R. 124–26. The reviewer concluded that Plaintiff's illness had, at most, a moderate effect on Plaintiff's ability to remember, concentrate, and interact socially. The reviewer further concluded that Plaintiff could do simple unskilled work. *Id.*

Finally, the Plaintiff objects that the Magistrate Judge did not consider Plaintiff's contention that the ALJ's credibility determination was improper. The ALJ, and not the Court, is responsible for evaluating the credibility of applicants for social security benefits. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted). However, such determinations must find support in the record and may not be based on "intangible or intuitive notion[s] about an individual's credibility." *Id.* (citations and internal quotation marks omitted). The Magistrate Judge considered the ALJ's credibility determinations, noting that they are entitled to deference because the ALJ "was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and consider how that testimony fit with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly." *See Beavers v. Sec. of Health & Human Servs.*, 577 F.2d 383, 387–88 (6th Cir. 1978); *Williamson v. Sec. of Health & Human Servs.*, 796 F.2d 146, 150 (6th Cir. 1986).

Moreover, the ALJ explained his reasons for discounting Plaintiff's credibility, to the extent

---

[1] The Plaintiff makes a similar objection to the Magistrate Judge's consideration of Plaintiff's "Global Assessment Functioning," or "GAF," score. Pl.'s Obj. at 8. This objection also lacks merit. There is no indication from the record that the Magistrate Judge or the ALJ accorded disproportionate weight to Plaintiff's GAF score.

it was necessary to sustain his RFC findings. He stated:

> After considering the evidence of record, [Plaintiff]'s medically determinable impairment could reasonably be expected to produce the alleged symptoms [difficulty concentrating, difficulty interacting and communicating with other people, pain when lifting more than two-to-five pounds, and difficulty maintaining attention or activity throughout a forty-hour work week]; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.

A.R. 28. The ALJ went on to explain that medical evaluations had noted only "moderate" difficulty with maintaining concentration and communicating with people; Plaintiff had consistently been able to keep jobs for up to a year; doctors suggested Plaintiff had a GAF score of 50; she was able to keep up with the activities of daily living; she completed course work toward an associates degree; and there was no evidence that Plaintiff's former employers had ever questioned her ability to concentrate and maintain activity when performing unskilled labor. The ALJ adequately explained his credibility determination based on the record and it is entitled to deference.

## IV

Accordingly, it is **ORDERED** that the Magistrate Judge's report and recommendation [Dkt. # 19] is **ADOPTED**.

It is further **ORDERED** that the Plaintiff's objections [Dkt. # 20] are **OVERRULED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 12] is **DENIED**.

It is further **ORDERED** that the Commissioner's motion for summary judgment [Dkt. # 15] is **GRANTED**.

It is further **ORDERED** that the determination of the Commissioner of Social Security is **AFFIRMED** and that the complaint is **DISMISSED** with prejudice.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 16, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS